UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GERALD WILSON,
CDCR # B93800,

Plaintiff,

vs.

INSTITUTION FACILITY DENTAL DEP'T, JOHN DOE #1, JOHN DOE #2, DENTAL DEP'T,

Defendants.

Case No.:  3:25-cv-2839-JES-BLM

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FOR FAILURE TO PROPERLY MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**

Plaintiff Gerald Wilson, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff alleges Defendants violated his Eighth Amendment rights when they failed to provide him with adequate dental care. *See id.* As discussed below, the action must be dismissed without prejudice.

**I.      FAILURE TO PAY FILING FEE OR SUBMIT MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

1

prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (emphasis added). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

Plaintiff did not pay the filing fee required to commence a civil action when he filed his Complaint, nor has he filed a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements required by 28 U.S.C. § 1915(a)(2). While RJD has provided a copy of Plaintiff's trust account statement, *see* ECF No. 2, this accounting, unless accompanied by

3:25-cv-2839-JES-BLM

a motion and affidavit submitted by Plaintiff, is insufficient. "The *in forma pauperis* statute authorizes courts to allow '[1] the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993) (quoting 28 U.S.C. § 1915(a)). "Section 1915(a) thus contemplates that the []person[] who is entitled to the benefits of the provision will have three characteristics: He will have the capacity to sue or be sued, to make an affidavit, and to be unable to pay court costs." *Id.* "Such affidavit shall [also] state the nature of the action, . . . and affiant's belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Therefore, unless Plaintiff either pays the filing fee "upfront," *Bruce*, 577 U.S. at 86, or files a properly supported Motion to Proceed IFP that includes an affidavit that meets the requirements set out in 28 U.S.C. § 1915(a)(1), his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II.    CONCLUSION AND ORDER

Accordingly, the Court:

(1)    **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

(2)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open his case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or* (b) completing and filing a Motion and Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b.

(3)    **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP within 45 days, this civil action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: March 16, 2026

Honorable James E. Simmons Jr.
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

3:25-cv-2839-JES-BLM