UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILSON,<br>CDCR # B93800,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>INSTITUTION FACILITY DENTAL<br>DEP'T, JOHN DOE #1, JOHN DOE #2,<br>DENTAL DEP'T,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:25-cv-2839-JES-JAC<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4];**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. §1914(a)** |

Plaintiff Gerald Wilson, currently incarcerated at R.J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. On March 16, 2026, the Court dismissed the action because Plaintiff failed to either pay the filing fee or move to proceed *in forma paupers* ("IFP"). *See* ECF No. 3. The Court gave Plaintiff until April 30, 2026, to satisfy the filing fee requirement. *See id.* at 3. On March 23, 2026, Plaintiff filed the IFP motion, presently before the Court. *See* ECF No. 4. For the reasons stated below, the Court **DENIES** Plaintiff's IFP motion; and **DISMISSES** Plaintiff's civil action, without prejudice, for failure to pay filing fees required by 28 U.S.C. §1914(a).

## I.    IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

//

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Here, Plaintiff's IFP Motion is incomplete because he has not included a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without a certified trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1). Therefore, the IFP motion is DENIED.

## II.   CONCLUSION AND ORDER

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 4) and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a); and

(2) **GRANTS** Plaintiff one, final opportunity to satisfy the filing fee requirement. The Court grants Plaintiff forty-five (45) days leave from the date of this Order to have this case reopened by either:

    a. Prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or*

    b. Completing and filing a Motion and Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b.[2]

---

[2] Plaintiff is again cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

3:25-cv-2839-JES-JAC

**IT IS SO ORDERED.**

Dated:  May 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:25-cv-2839-JES-JAC