UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GERALD WILSON,
Plaintiff,
vs.
INSTITUTION FACILITY DENTAL DEP'T, DENTIS JOHN DOE #1, JOHN DOE #2, DENTAL DEP'T,
Defendants.

Case No.: 3:25-cv-2839-JES-JAC

**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 7); AND**

**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

## I. INTRODUCTION

Plaintiff Gerald Wilson ("Plaintiff" or "Wilson"), a state prisoner, is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court previously dismissed the action because Wilson had failed to pay the filing fee or submit a properly supported motion to proceed in forma pauperis ("IFP"). *See* ECF Nos. 3, 6. The Court notified Plaintiff that to have his case reopened, he must either pay the full $405 civil filing fee or file an IFP motion which adequately shows his inability to pay the fee. *See* ECF No.

6 at 3. Wilson has now filed a renewed IFP Motion. *See* ECF No. 7. As discussed below, the Court grants Plaintiff's IFP Motion and dismisses the complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## II. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit an affidavit that includes a statement of all assets they possess," as well as a "certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2) (citation modified). Using this financial information, the court assesses an initial partial filing fee which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his renewed IFP Motion, Wilson has provided a copy of his prison trust account statement which reflects an average monthly balance of $0.00, average monthly deposits of $0.00, and an available account balance of $0.00. *See* ECF No. 7 at 5. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion and assesses no initial filing fee. Pursuant to 28 U.S.C. § 1915(b), the agency having custody of Plaintiff shall forward payments to the Clerk in installment provisions until the $350 statutory fee is paid in full.

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B. Plaintiff's Allegations

At the time of the relevant events, Wilson was an inmate at R.J. Donovan Correctional Facility ("RJD"). ECF No. 1 at 1. In his Complaint, Wilson alleges that on March 10, 2025 he was eating an apple when "half of [his] tooth broke off." *Id.* at 3. Wilson was in pain and went to the RJD clinic where he asked a staffer, Romero, if he could see a

dentist. *Id.* Romero went into the clinic and came back out shortly thereafter and told Plaintiff that "dental will not see you now," and that Plaintiff should submit a "CDCR 7362" health care request. *Id.* Romero gave Plaintiff a form. Wilson filled out the request form, noting that he had an "emergency dental issue." *Id.*

On March 12, 2025, Wilson received two ducats[2] for appointments on March 13, 2025, one for the dental clinic at 10:30 a.m. and one for the "RN clinic" at 12:10 p.m. *Id.* On March 13, 2025, at about 9:50 a.m., a correctional officer came to Wilson's cell and asked if Wilson "want[ed] to see the RN not dental?" Wilson replied, "yes." *Id.* Plaintiff was then seen by the RN and after, he was escorted back to his cell. *Id.* at 4. He did not see any dental care provider that day. *Id.*

Wilson continued to experience pain from his broken tooth. *Id.* On March 18, 2025, Wilson spoke to a licensed vocational nurse ("LVN") and asked him to check the computer to see why he had not yet been seen by "dental." *Id.* The LVN told Wilson the records indicated Wilson had "refused" his dental appointment on March 13, 2025. Wilson was "shocked" because he had not "refuse[d]" treatment. *Id.*

Wilson saw a dental provider on March 22, 2025. *Id.* Dentist John Doe #1 told Wilson that the broken tooth was infected and would need to be extracted. Wilson states that he never signed a form refusing dental treatment and that Dentists John Doe #1 and John Doe #2 were "intentionally deliberate[ly] indifferen[t]" to his medical needs. *Id.*

Wilson further alleges that for the "past 2 years," he has filed grievances against various custody staff who work at "Facility 'C' Clinic." *Id.* at 5. Wilson has complained about staff "harassment" for his "refusal to be a subject of a medical experiment." *Id.* He has also filed misconduct complaints about a nurse for interfering with his job assignment.

---

[2] A "ducat" is a pass issued by prison authorities that allows an inmate to leave his assigned housing unit to go to a specific location within the prison. *See Janoe v. Stone*, No. 06-cv-1511-JM-WVG, 2010 WL 3057261, at *2 n.2 (S.D. Cal. May 17, 2010); *see also* Cal. Dep't of Corr. and Rehab, Operations Manual § 53130.8.2 (2022) ("All health care appointments, medical, dental and mental health shall be via the priority ducat process.")

*Id.* He states that John Doe #1 and John Doe # 2 "retaliated" against him by delaying his dental treatment because he had previously filed grievances against other staff. *Id.*

**C. <u>Discussion</u>**

In his Complaint, Wilson names four Defendants: the Institution Facility Dental Department, John Doe # 1, John Doe #2 and the Dental Department, Facility C. *Id.* at 2. He alleges violations of his Eighth Amendment and First Amendment rights, pursuant to 42 U.S.C. § 1983. *See id.* at 4–5. Plaintiff seeks money damages. *See id.* at 8.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). In addition, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976).

***1. Institution Dental Department and Dental Department Facility C***

First, Defendants "Institution Facility Dental Department" and "Dental Department," of Facility C, must be dismissed. The Eleventh Amendment protects a state from suit in federal court unless the state expressly waives, or Congress abrogates, this constitutional shield. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This prohibition extends to state agencies—like California Department of Corrections and Rehabilitation ("CDCR"). *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). The CDCR has not waived, nor has Congress abrogated, its immunity under the Eleventh Amendment. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999). And the Dental Department at RJD, including its sub-units, is part of the CDCR and is also therefore also immune from actions brought under section 1983. *Hunt v. Dental Dep't*, 865 F.2d 198, 200–01 (9th Cir. 1989) (stating that the dental department of state prison part of state Department of Corrections and immune from § 1983 actions). Accordingly, Defendants "Institution Facility Dental Department" and "Dental Department" of RJD's Facility C have Eleventh Amendment immunity from Plaintiff's claims for money damages and

therefore must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

***2. Does #1 and #2***

Plaintiff also alleges Defendants John Doe #1 and John Doe #2,[3] both described as dentists at RJD, violated his rights under the Eighth and First Amendment.

a. Eighth Amendment

Wilson states Doe #1 and Doe #2 were deliberately indifferent to his dental needs and as such, violated his Eight Amendment rights. ECF No. 1 at 4. Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This applies to dental health needs as well. *See Hunt*, 865 F.2d at 200 (stating the Eighth Amendment requires prisoners be provided with "adequate dental care"). However, delay alone in providing a prisoner with dental treatment does not constitute an Eighth Amendment violation. *Id.* (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). Rather, an official must know of, and disregard, an excessive risk to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To state a claim, two requirements must be met: (1) the deprivation must be, objectively, sufficiently serious; and (2) the prison official must be, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. Allegations of pain and inability to eat properly state a deprivation that is objectively, sufficiently serious. *Hunt*, 865 F.2d at 200. As to the subjective factor, the official must both be aware of facts from

---

[3] While Federal Rules of Civil Procedure do not prohibit the use of fictitious parties, Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See id*.

Here, the Court finds Wilson's broken tooth, and pain it purportedly caused, to be a sufficient to plausibly allege an objectively serious deprivation. But Wilson fails to allege sufficient facts to show Doe #1 and Doe #2 acted with deliberate indifference. First, there are no facts suggesting Doe #1 or Doe #2 were aware of Wilson's dental care needs until March 22, 2025, when Wilson received treatment, much less acted with deliberate indifference to them. *See Jeffers v. Gomez*, 267 F.3d 895, 914(9th Cir. 2001) (stating that if a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk).

While Wilson appears to suggest his dental care was delayed because staff improperly noted that he had "refused" his dental appointment on March 13, 2025, there are no facts alleges indicating Doe #1 or Doe #2 were involved in, or aware of, any confusion regarding scheduling, or in any way caused the purported delay. Moreover, to state a § 1983 claim, Plaintiff must allege how each defendant, through the "official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. A plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Here, Wilson provides virtually no facts as to any action or inaction taken by Doe #1 or Doe #2 that caused his purported injury. His conclusory allegations are insufficient to support a plausible claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (stating vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient). Therefore, Plaintiff has failed to state an Eighth Amendment claim against Defendants Doe #1 and Doe #2. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

b. First Amendment Retaliation

Wilson has also failed to state a plausible First Amendment retaliation claim against Doe # 1 and Doe #2. "The First Amendment guarantees a prisoner a right to seek redress

of grievances from prison authorities and as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). A retaliation claim within the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

Here, Plaintiff appears to allege that Doe #1 and Doe #2 retaliated against him because "over the past 2 years [he] has filed grievances against custody staff at Facility 'C' clinic for harassment." ECF No. 1 at 5. While the right to file prison grievances is "protected conduct" for purposes of a retaliation claim, *see Johnson v. Ryan*, 55 F.4th 1167, 1201 (9th Cir. 2022), Wilson fails to allege any facts showing Doe #1 and/or Doe #2 were aware of these grievances or that they delayed Wilson's dental care because of his protected conduct. A retaliation claim cannot rely solely on an adverse action that follows protected activity. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'"). Rather, a plaintiff must plausibly allege a link between his protected conduct and the defendant's retaliatory conduct. "[A]llegation[s] of a chronology of events from which retaliation can be inferred [are] sufficient to survive dismissal." *Watison*, 668 F.3d at 1114. But "mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014); *Iqbal*, 556 U.S. at 678 (stating a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted). Wilson's wholly conclusory allegations are insufficient and therefore he has failed to state a retaliation claim against Doe #1 and Doe #2. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**D. <u>Leave to Amend</u>**

Given Plaintiff's pro se status, the Court grants him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

For reasons discussed above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2].

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Plaintiff's Complaint without prejudice in its entirety for failing to state a claim against any Defendant upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5. **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading discussed above. Plaintiff's Amended Complaint must be complete by itself without reference to her original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final

Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix her complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 21, 2026

Honorable James E. Simmons Jr.
United States District Judge